IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:95-488-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GERALD SALLEY | ) | |
| | ) | |
| _____ | ) | |

The defendant, Gerald Salley, was one of fifteen defendants charged with drug and firearms offenses in an indictment filed in August 1995. Eight defendants, including Salley, proceeded to a trial that lasted eight weeks. At the conclusion of the trial, the jury found the defendant guilty. The Honorable Dennis W. Shedd, then a United States District Judge, sentenced the defendant to a Life sentence which was a guideline sentence in the defendant's case.

The defendant appealed his conviction and the Fourth Circuit Court of Appeals affirmed by an unpublished opinion. The defendant did not seek a writ of certiorari.

The defendant then began filing a series of motions challenging his conviction and sentence, all of which, to date, have proved unsuccessful. First, he filed an action pursuant to 28 U.S.C. § 2255 which was ultimately determined to be untimely. The defendant also filed a motion to require the government to move for a downward departure in his case, and he moved for relief under Amendment 706 to the United States Sentencing Guidelines which was also denied.

The defendant returns to this court with an motion filed under the All Writs Act, 28 U.S.C. § 1651 in which he attempts to place issues before this court with this rarely-used procedural device.  The government has responded and moved for summary judgment and the court issued an order pursuant to *Roseboro v. Garrison*, 528 D.2d 309 (4th Cir. 1975), apprising the defendant of his right and obligation to file a response to the motion.  The defendant has responded and the matter is now before this court.  As will be seen, the court has determined that the motion should be denied for a variety of reasons.

Coram nobis, Latin for "in our presence," or translated in its legal sense as "the error before us," is an equitable petition correct a fundamental error in prior proceedings to achieve justice where no other remedy is available. Federal Civil Procedure Rule 60(b) abolished writs of coram nobis and other common-law writs in civil cases, but the power to issue writs of coram nobis still exists in criminal cases under the All Writs Act, 28 USC §1651.  See *United States v. Morgan*, 346 U.S. 502, 506–07 (1954).

Absence of custody is a prerequisite for obtaining coram nobis relief.  *United States v. Monus*, 356 F.3d 714, 718 (6th Cir. 2004).  Because Mr. Salley is currently in custody, he may not avail himself of the use of this Writ.

Where a Writ of Coram Nobis is available, relief should be limited to "(1) errors 'of the most fundamental character, *Morgan*, 346 U.S. at 509; (2) where there are sound reasons for the failure to seek earlier relief; and (3) where the defendant continues to suffer from his conviction even though he is out of custody." *United States v. Barrett*, 178 F.3d 34, 56–57 & n.20 (1st Cir. 1999) (citing cases); *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir.

1998) (per curiam); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998).

Even in these circumstances, relief should not be granted if the defendant's claim would have been procedurally barred had in been raised in a § 2255 motion. This action, filed well over 10 years after the defendant's conviction, would clearly be time-barred as a § 2255 motion.

In this action, the defendant seeks to avail himself of the rule announced by the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005). The Fourth Circuit Court of Appeals has held that *Booker* is not retroactive on collateral review. *United States v. Morris,* 429 F.3d 65, 67 (4th Cir. 2005). Thus, even if the matter were properly before this court, the claim fails on its merits.

In his response to the government's motion for summary judgment, Salley contends that "the government states no reasons why [defendant's] motion should be dismissed." This assertion is clearly belied by the record in this case because, as set forth above, the government has advanced a wealth of reasons why the motion should be dismissed. The remainder of the objection memorandum consists of little more than a general discussion of the writ of coram nobis, together with a statement that "there are sound reasons existing for failure to seek appropriate earlier relief in this action." Salley never states what these reasons are.

For all the foregoing reasons, the government's motion for summary judgment (ECF No. 712) is granted and the defendant's motion for a writ of coram nobis (ECF No. 691) is dismissed with prejudice.

IT IS SO ORDERED.

October 19, 2011                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge

4